IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER JOKICH, M.D., FSBI, FACR, | ) |
| | ) |
| Plaintiff, | ) No. 18-cv-7885 |
| | ) |
| v. | ) Judge Joan H. Lefkow |
| | ) |
| RUSH UNIVERSITY MEDICAL CENTER, | ) Magistrate Judge Beth W. Jantz |
| | ) |
| Defendant. | ) |

## REQUEST TO ENTER RULE 58 SEPARATE JUDGMENT ORDER

Pursuant to F.R.Civ.P. 58(d), defendant Rush University Medical Center respectfully requests that the Court enter the separate Final Judgment Order required by Rule 58(a). In support of this motion, Rush states:

1. The Court dismissed with prejudice certain state-law claims in Counts IV, V, and VI of the original Complaint on March 13, 2013 (Docket #40). No separate Judgment was entered, since that order resolved fewer than all the claims of the Complaint. Dr. Jokich repleaded those dismissed claims (apparently to preserve them for appeal) in his First Amended Complaint (Docket #49) and added a new state-law claim (Count VI) alleging breach of contract in failure to pay his bonus for FY 2019.

2. The Court granted summary judgment on Counts I, II and III of the First Amended Complaint (the two federal retaliation claims and the Illinois Human Rights Act analogous claims) in its Opinion and Order of May 11, 2021 and relinquished jurisdiction over the remaining state-law claims. Docket #172. Since that Opinion and Order disposed of all claims in the First Amended Complaint, the Court entered a separate Judgment in a Civil Case on May 11, 2021. Docket #173.

3. Dr. Jokich filed a timely motion to reconsider the Court's relinquishment of jurisdiction over the remaining state claims. On August 9, 2021, the Court entered an order granting that motion and accepting jurisdiction over them. Docket #182. The same day, the Court issued an Opinion and Order granting summary judgment to Rush on all remaining claims in the case and stating that "the case is terminated." Docket #183, p. 16. The Opinion and Order does not explicitly address Count VII, the First Amended Complaint's request for a Declaratory Judgement, but since all substantive claims in the First Amended Complaint have been resolved in favor of Rush, the Court clearly intended judgment for Rush on that claim as well.

4. With all claims in the case finally resolved for Rush, Rule 58(a) now requires the Court to enter a new Judgment in a Civil Case so that its judgment on the merits on all claims becomes final and appealable. To date, the parties have not received such a Judgment. In these circumstances, Rule 58(b) provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." This motion respectfully makes that request.

                                      Respectfully submitted,

                                      /s/ George F. Galland, Jr.
                                      George F. Galland, Jr.
                                      One of the Attorneys for Defendant

George F. Galland, Jr.
ggalland@lawmbg.com
Benjamin Blustein
bblustein@lawmbg.com
Matthew Owens
mowens@lawmbg.com
Miner, Barnhill & Galland, P.C.
325 N. LaSalle St., Ste. 350
Chicago, IL 60654
312.751.1170

CERTIFICATE OF SERVICE

      Lisa Mecca Davis certifies that she caused the foregoing Request to be served on all counsel of record, by this Court's electronic-filing system, this 16th day of August, 2021.

                                        /s/ Lisa Mecca Davis
                                        Lisa Mecca Davis